UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TAMOND J. COLE,

      Petitioner,

v.                              Case No. 6:11-cv-834-Orl-36DAB

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 15). Upon consideration of the amended petition, the Court ordered Respondents to show cause why the relief sought in the amended petition should not be granted. Respondents filed a response to the amended petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 21).

Petitioner alleges two claims for relief in his habeas petition: counsel rendered ineffective assistance by (1) failing to inform Petitioner prior to his plea that the victim and another eyewitness to the offenses intended to recant their identification of Petitioner as the perpetrator, and (2) failing to depose and subpoena alibi witnesses. For the following reasons, the petition is denied.

*I.*    *Procedural History*

Petitioner was charged with aggravated battery inflicting great bodily harm (count

one) and possession of a firearm by a convicted felon (count two). After the jury had been selected, Petitioner entered a plea of guilty to aggravated battery with a firearm and possession of a firearm by a convicted felon pursuant to a plea agreement. Pursuant to the plea agreement, the trial court sentenced Petitioner to a fifteen-year term of imprisonment on count one and a three-year term of imprisonment on count two with the sentences to run concurrently. Petitioner did not appeal but later filed a petition for belated appeal which was denied.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court dismissed the motion as facially insufficient. Petitioner filed a motion to supplement his Rule 3.850 motion and an amended Rule 3.850 motion. The state court denied the motion to supplement and the amended Rule 3.850 motion. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

## II.    *Legal Standards*

### A.    *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the

State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing

evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Standard for Ineffective Assistance of Counsel

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88.  The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Strickland*, 466 U.S. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether
> some reasonable lawyer at the trial could have acted, in the circumstances,
> as defense counsel acted at trial. Courts also should at the start presume
> effectiveness and should always avoid second guessing with the benefit of
> hindsight. *Strickland* encourages reviewing courts to allow lawyers broad
> discretion to represent their clients by pursuing their own strategy. We are
> not interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).  Under those

rules and presumptions, "the cases in which habeas petitioners can properly prevail on the

ground of ineffective assistance of counsel are few and far between."  *Rogers v. Zant*, 13

F.3d 384, 386 (11th Cir. 1994).

III.   *Analysis*

    *A.*   *Claim One*

Petitioner asserts that trial counsel rendered ineffective assistance by failing to

inform him before he entered a plea of guilty that Gary Washington ("Washington"), the

victim, and Anthony Hawkins ("Hawkins"), an eyewitness to the offenses, intended to

recant their identification of Petitioner.  In support of this claim, Petitioner filed the

affidavit of his sister, Tameka Cole ("Cole"), wherein she attests that she was speaking with

Petitioner's attorney in the hallway before the plea proceeding at which time she heard

Washington and Hawkins say they were not going to testify against Petitioner because he

did not commit the offenses.  (Doc. No. 21-1 at 4.)

Petitioner raised the instant claim in his Rule 3.850 motion.  The state court denied

the claim pursuant to *Strickland*.  (App. M at 5; App. O at 3.)  The state court reasoned that

immediately after the offenses, Washington identified Petitioner, who he had known his

entire life, as the individual who shot him.  *Id*.  The state court further noted that

Petitioner's contention that Washington stated on the date of the proceedings that he

misidentified Petitioner as the perpetrator was "inherently incredible." *Id.*  The state court

reasoned that Petitioner's contention was refuted by the prosecutor's statement to the court

during the proceedings that he had spoken to the victim that day concerning the plea and

the victim was satisfied with the terms of the plea agreement.  *Id*.  The state court

concluded, therefore, that Petitioner failed to demonstrate prejudice.  *Id.*

Petitioner contends that Washington and Hawkins approached counsel, who was

speaking to Cole and Melissa Ross ("Ross"), Petitioner's girlfriend, in the hallway before

the proceedings.  (Doc. No. 15 at 5.)  According to Petitioner, Washington and Hawkins

told counsel, Cole, and Ross that their identification of Petitioner was incorrect and they

intended to recant their identification. *Id.*  Petitioner maintains that counsel failed to advise

him of Washington and Hawkins' statements and pressured him to enter a plea.  *Id*.

In support of this claim, Petitioner filed Cole's affidavit.  (Doc. No. 21-1 at 4.)  Cole

attests that while she was speaking to defense counsel prior to the proceedings,

Washington and Hawkins were "strolling down the hallway" at which point she heard

them state that they did not intend to testify against Petitioner because they had incorrectly

identified him as the perpetrator.  *Id*.  Interestingly, Cole does not attest that Washington

and Hawkins directed their purported comments to defense counsel.  Cole also fails to aver

that defense counsel heard the purported statements.  Thus, Cole's affidavit does not establish either deficient performance or prejudice based on counsel's alleged failure to advise Petitioner of Washington and Hawkins' purported statements.

Moreover, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)).  Therefore, to prevail on a claim that trial counsel failed to advise the defendant about a witness' statements, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony. *See, e.g., United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984).  Evidence sufficient to satisfy this requirement includes sworn affidavits from the potential witnesses stating what testimony they would have provided. *Id.*  Absent this necessary factual showing, a petitioner's mere conclusory allegations are insufficient to warrant a finding that trial counsel was ineffective. *Id.*

In the instant case, Petitioner has failed to present evidence of actual testimony or any affidavit from either Washington or Hawkins.  Thus, Petitioner has not made the requisite factual showing as to these purported witnesses.  Petitioner's self-serving speculation will not sustain a claim of ineffective assistance of counsel.

Furthermore, the record refutes Petitioner's contention that these witnesses expressed their intent to recant their identifications and did not intend to testify against

Petitioner.   As noted by the state court, during the plea hearing, the court asked if Washington wished to be heard concerning the plea agreement.   (App. H at 22.)   In response, the prosecutor told the judge, "I just spoke with Mr. Washington and he is satisfied with this plea and he does not wish to address this Court."   *Id.*   Assuming Washington intended to recant his identification of Petitioner, he certainly would not have been satisfied with the plea agreement, which would have resulted in the conviction of an innocent man.   In sum, Petitioner has failed to offer sufficient evidence establishing that (1) Washington or Hawkins intended to recant their identifications, (2) Washington and Hawkins made such statements to defense counsel, or (3) defense counsel heard them make such statements.   Petitioner, therefore, has not demonstrated either deficient performance or prejudice.   Accordingly, claim one is denied pursuant to *Strickland.*

### B.      Claim Two

Petitioner maintains that counsel rendered ineffective assistance by failing to depose and call Clifford Jones ("Jones"), Dennis Goosby (Goosby"), Nytasha Merrell ("Merell"), Latasha Christian ("Christian"), and Shakera Wiggins ("Wiggins") as alibi witnesses.   In support of this claim, Petitioner filed the affidavits of Christian and Merell. (Doc. No. 21-1 at 2-3.)

Petitioner raised this claim in his Rule 3.850 motion.   The state court denied the claim pursuant to *Strickland.*   (App. M at 3-4.)   The state court first noted that the offense occurred at approximately 11:00 p.m. on a street corner and Jones and Goosby told police that Petitioner was not at their residence after 9:00 p.m.   *Id.*   The state court further noted

8

that Petitioner had filed a notice of alibi wherein he indicated that he was with Victor

Calhoun at the time of the offenses, in contradiction to his claim that he was at the home

of Christian and Merrell at the time of the offense. *Id*. Finally, the court concluded that

Petitioner waived his right to present witnesses when he entered his plea. *Id*.

Petitioner has failed to present evidence of actual testimony or any affidavit from

Jones, Goosby, or Wiggins. Thus, Petitioner has not made the requisite factual showing as

to these purported witnesses. Petitioner's self-serving speculation will not sustain a claim

of ineffective assistance of counsel.

With respect to Merrell and Christian, Petitioner filed affidavits, wherein they attest

that Petitioner came to their home around 9:30 p.m. on the night of the incident and did not

leave until approximately 2:00 a.m. (Doc. No. 21-1 at 2-3.) Petitioner clearly should have

known at the time of his plea hearing that Merrell and Christian were alibi witnesses.

Nevertheless, at the plea hearing, Petitioner affirmed that he understood he would

be waiving all defenses and his right to subpoena witnesses to testify for him by entering

a plea. (App. D at 10, 15.) Petitioner knew when he entered his plea that he could call

witnesses to testify on his behalf, but he knowingly chose to forego proceeding to trial or

present an alibi defense.

Furthermore, Petitioner told the trial court that he was satisfied with his attorney's

representation. *Id*. at 11. When asked if there was anything he wanted to tell the trial

court, Petitioner said no. *Id*. at 22. Therefore, despite knowing that he was with Merrell

and Christian at the time of the offenses and that counsel purportedly had failed to depose

or call them as witnesses, Petitioner did not tell the trial court such. Consequently,

Petitioner has failed to demonstrate deficient performance or that a reasonable probability

exists that he would not have entered a plea but for counsel's alleged failure to depose and

subpoena these witnesses. Accordingly, claim two is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to

be without merit.

### IV.     *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the

Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or

wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y Dep't of Corr.*,

568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition

on procedural grounds without reaching the underlying constitutional claim, a certificate

of appealability should issue only when a petitioner shows "that jurists of reason would

find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was

correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need

not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner

cannot show that jurists of reason would find this Court's procedural rulings debatable.

Petitioner has failed to make a substantial showing of the denial of a constitutional right.

Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.      The Amended Petition for Writ of Habeas Corpus (Doc. No. 15) filed by

Tamond J. Cole is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.      Petitioner is **DENIED** a Certificate of Appealability.

3.      The Clerk of the Court is directed to enter judgment accordingly and close

this case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of January, 2013.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-1 1/30
Counsel of Record
Tamond J. Cole